IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAMAU A. BAILEY, 9322 )<br>　　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　)<br>　　　　　　　　　　　　　)<br>BONNIE CLEMMONS, Supervisor; and )<br>ARAMARK CORPORATION, )<br>　　　　　　　　Defendants. ) | Civil Action No. 05-963<br>Judge Arthur J. Schwab<br>Magistrate Judge Lenihan |

**MEMORANDUM ORDER**

Plaintiff, Kamau A. Bailey, an inmate confined in the Allegheny County Jail (ACJ) commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Named as Defendants are: Bonnie Clemmons, Supervisor at Aramark Corporation and Aramark Corporation. Plaintiff claims that Defendants violated his rights as protected by the United States Constitution by selling individual packs of hot cocoa for 30 cents when the packages are labeled "not for retail sale." For the reasons that follow, Plaintiff has failed to allege a claim against Defendants with an arguable basis in fact or law.

This Court is required to review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* ("IFP"), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Legally frivolous complaints include: 1) those based upon an indisputably meritless legal theory; and 2) those with factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).[1] A plaintiff fails to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). A plaintiff must allege specific facts supporting his claims to withstand dismissal under 28 U.S.C. § 1915(e) for failure to state a claim. Brock v. St. Joseph's Hosp., 104 F.3d 358, 1996 WL 732328 (4th Cir. Dec. 23, 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996). Although the court construes IFP complaints liberally, particularly in the context of dismissal on the basis of frivolousness, the court is bound by the allegations of the complaint.

Plaintiff is considered a "prisoner" as that term is defined under the PLRA and he has been granted leave to proceed *in forma pauperis* in this action, *see* doc. no. 3. Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e).

Plaintiff seeks recovery under 42 U.S.C. § 1983 for Defendants' actions in selling individual packs of hot cocoa for 30 cents when the packages are labeled "not for retail sale."

---

1 *See also* Denton v. Hernandez, 504 U.S. 25 (1992) (an IFP complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact); Deutsch v. United States, 67 F.3d 1080 (3d Cir. 1995) (court may dismiss *in forma pauperis* claim as "frivolous" if it determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial).

In order to assert liability under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff's allegations, construed broadly, do not assert any possible violation of his constitutional rights. Thus, his Complaint must be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Moreover, his claim is frivolous and must be dismissed on that basis as well.

**AND NOW, this 15th day of September, 2005,** upon consideration of plaintiff's Civil Complaint, **IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted and because it is frivolous. Because any amendment would be futile, this dismissal is **with prejudice.**

Arthur J. Schwab
United States District Judge

cc: Honorable Lisa Pupo Lenihan
United States Magistrate Judge

Kamau A. Bailey, no. 9322
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

CERTIFIED MAIL
RETURN RECEIPT REQUESTED